**Earl R. FOSTER, Plaintiff,**

v.

**DRAVO CORPORATION, Defendant.**

**Civ. A. No. 71–781.**

United States District Court,
W. D. Pennsylvania.

June 20, 1975.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

OPINION

GOURLEY, Senior District Judge.

This is a civil nonjury proceeding on remand from the United States Supreme Court. The immediate matters

before this court are whether the petitioner, Earl R. Foster, adequately preserved his claim at the original trial for prorata vacation benefits under the Collective Bargaining Agreement, and, if so, whether or not he is entitled to any prorata benefits.

The court has afforded the parties a full and complete trial and has considered the briefs and arguments of counsel. It is the considered opinion of this court that the transcript in the original trial directly reflects that the plaintiff properly raised and the defendant was on notice at all stages of the proceeding in the case of plaintiff's demand for vacation benefits including prorata vacation benefits for the years 1967 and 1968. It is also the considered opinion of this court that judgment should be entered for the plaintiff and against the defendant in the amount of $166.28, which is based on the stipulation of the parties for the amount of the prorata benefits which the plaintiff earned for the years 1967 and 1968.

The relevant facts to be considered can be briefly stated. On March 6, 1967, plaintiff, Earl R. Foster, was given leave of absence to be inducted in the military. After an honorable discharge, plaintiff timely filed his application for and was reinstated to his former job on October 2, 1968. Plaintiff worked nine weeks in 1967 and thirteen weeks in 1968. Although on military leave of absence, veteran plaintiff received no vacation pay in lieu thereof either in full or on a prorata basis for his nine weeks of work performed for defendant in 1967, up to March 6, 1967, when he left for the military leave of absence, or for his thirteen weeks of work performed for defendant to defendant's employ on Octive Bargaining Agreements in force during the time of plaintiff's absence in military service. One was dated 1966 to 1968, and was succeeded by one effective September 17, 1968 through 1971. Arti-

cle 14, Section 2 of the 1966 agreement provided:

". . . . . employees who are laid off during the year immediately preceding December 31, and because of such lay-off do not qualify for the vacation under this section will be given a prorata vacation to which they might otherwise be entitled on the relationship of the weeks they did work to 25 weeks. . . . . ."

The 1968 agreement expanded the above to include:

". . . . . employees who are laid off or are absent because of non-occupational sickness or injury during the year immediately preceding December 31, and because of such lay-off or absence due to non-occupational sickness or injury, do not qualify for the vacation under this section will be given a prorata vacation to which they might otherwise be entitled on the relationship of the weeks they did work to 25 weeks. . . . . ."

Since the court, on review of the record, is convinced that plaintiff did preserve his claim for prorata benefits at the original trial of this matter, the only question before this court is whether or not the petitioner is entitled to prorata vacation benefits in view of the Collective Bargaining Agreement, and Section 9(c)(1) of the Selective Service Act of 1967, 50 U.S.C.A. Section 459(c)(1).

The Collective Bargaining Agreement which existed between plaintiff and defendant provided prorata vacation rights to those employees who are unable to accumulate a minimum of twenty-five weeks because of lay-offs. Section 9(c)(1) of the Selective Service Act of 1967, 50 U.S.C.A. Section 459(c)(1), provides under the "other benefits" clause that vacation benefits be available to returning veterans on the same basis as they are to those on furlough or leave of absence.

The question for the court's determination is, therefore, whether or not the term "lay-off" referred to in the Collective Bargaining Agreement included a furlough or leave of absence, or is found to be equivalent of either. The principal is well settled that legislation in this area (Selective Service Act of 1967, 50 U.S.C.A. Section 459(c)) is to be liberally construed for the benefit of those who left their private life to serve their country. *Boone* v. *Lightner,* 319 U.S. 561, 575, 63 S.Ct. 1223, 87 L.Ed. 1587. The court has consistently adopted the firm position that no practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured for the veteran under the Act.

The Supreme Court in *Fishgold* v. *Sullivan Corp.,* 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, concluded that a "furlough," "leave of absence," and "discharge" are three terms used in Section 8(c) in the Act which relates to various types of cessation of work. The court went on to conclude that a furlough and leave of absence are not to be considered a discharge but a form of lay-off. This being the case, the only conclusion which can be reached is that the petitioner is entitled to prorata vacation benefits for the time he worked in 1967 and 1968.

Findings of Fact and Conclusions of Law have not been separately stated, but are included in the body of the Opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

## ORDER

And now, this 20th day of June, 1975, it is ordered that judgment shall be, and hereby is, entered in favor of the plaintiff, Earl R. Foster, in the amount of $166.28, and against the defendant, Dravo Corporation.